IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT LEE PLUMLEE, II, #B89377,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**LATOYA HUGHES**<br>**and ANTHONY WILLS,** )<br>)<br>**Defendants.** ) | Case No. 23-cv-01880-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Robert Plumlee, Jr., filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights at Menard Correctional Center. (Doc. 1). The Court is required to dismiss any portion of a Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 8-12): While housed in Menard's North II Cell House on May 19, 2023, Plaintiff noticed that the "flag" showers in Galleries 1, 3, 5, and 7 contain shower nozzles and heads that can be used to create shanks. An inmate can take a screwdriver, pry the shower nozzle from the head, and break off a piece for use as a lethal weapon. Even without a screwdriver, an inmate can use brute strength to create a shank. Plaintiff "produced" shanks using this technique one year earlier on March 19, 2022 and April 4, 2022. After reviewing the matter, "Springfield" determined that Plaintiff faced imminent danger of serious physical injury as a result of his exposure to these conditions.

When he encountered the same conditions on May 19, 2023, Plaintiff alerted Warden Wills to the dangers posed by the showers in Menard's North II Cell House by filing an emergency grievance. Warden Wills denied the grievance as a non-emergency on May 24, 2023, and Plaintiff filed suit on June 1, 2023. On that date, Plaintiff was no longer housed in the same area. Plaintiff complains of no injuries suffered as a result of these conditions.

Based on the allegations, the Court designates one count in the Complaint:

**Count 1:** Eighth Amendment deliberate indifference claim against Defendants for failing to protect Plaintiff from the risk of serious injury posed by "flag" showers containing shower nozzles and heads that can be used to make shanks in Menard's North II Cell House.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Preliminary Dismissals

Plaintiff names IDOC Director Latoya Hughes as a defendant but makes no allegations against her and brings no claim based on her authority to establish, alter, or implement policies and procedures on behalf of the IDOC. The doctrine of *respondeat superior* does not apply to § 1983, so Hughes cannot be held liable for the actions of any subordinates. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Thus, to state a § 1983 claim, Plaintiff must allege that each defendant was personally involved in a constitutional deprivation. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). In the absence of any allegations against Hughes in an individual or official capacity, she will be dismissed without prejudice from this action.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Discussion**

Count 1 is governed by the Eighth Amendment prohibition against cruel and unusual punishment of convicted persons.  U.S. CONST. Amend VIII.  To bring a claim under the Eighth Amendment, a plaintiff must set forth allegations suggesting that he suffered from an "objectively, sufficiently serious harm" and the defendants responded with "deliberate indifference to his health or safety."  *Kupsky v. McLaren*, 748 F. App'x 74, 76 (7th Cir. 2019) (citations omitted)).  Plaintiff's allegations satisfy neither element.

The Complaint does not describe a sufficiently serious harm, from an objective standpoint.  In fact, Plaintiff describes no harm at all that resulted from his exposure to the showers in Menard's North II Cell House in May 2023.  He speculates about potential harm that an inmate might suffer if someone created a shank from the shower heads and nozzles and refers to two prior instances when he "produced" shanks from shower heads and nozzles but does not suggest that he or anyone else created a shank, threatened to use one, or actually used one to inflict injuries during the relevant time period.

The Complaint also fails to describe deliberate indifference.  Deliberate indifference occurs when a prison official is aware that a prisoner may imminently seek to take his own life and still fails to take reasonable steps to prevent the injury.  *See Kupsky*, 748 F. App'x at 76 (citations omitted).  Deliberate indifference also occurs when the defendant knows the plaintiff faces a serious risk of harm posed by other inmate(s) or officer(s) and still does not take reasonable steps to prevent the harm from occurring.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Plaintiff does not articulate a plausible claim of deliberate indifference against Warden Wills, who denied his grievance as a non-emergency at the same time Plaintiff was transferred from Menard's North II Cell House to an undisclosed area posing no alleged risk of harm to him.  Therefore, Count 1 will

be dismissed without prejudice for failure to state a claim against Warden Wills.

## Disposition

The Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. **COUNT 1** and **BOTH DEFENDANTS** are **DISMISSED** without prejudice. The Clerk's Office is **DIRECTED** to **TERMINATE** Anthony Wills and Latoya Hughes as parties in CM/ECF.

Plaintiff is **GRANTED** leave to file a First Amended Complaint by **July 13, 2023**. The First Amended Complaint is subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. **He should label the form "First Amended Complaint" and use the case number for this action (No. 23-cv-01880-SMY)**. Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how. . . ."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail him a civil rights complaint form.

An amended complaint supersedes and replaces the original, rendering the original complaint void. *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. The First Amended Complaint must stand on its own, without reference to any other pleading.

If Plaintiff fails to file a First Amended Complaint within the allotted time or consistent

with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. The dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 13, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**