IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT LEE PLUMLEE, II, #B89377, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-01880-SMY |
| | ) |
| LATOYA HUGHES | ) |
| and ANTHONY WILLS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Robert Plumlee, Jr. filed this civil rights action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights at Menard Correctional Center. (Doc. 1). The case is now before the Court for threshold review of the First Amended Complaint, filed on June 22, 2023 (Doc. 19). The Court is required to dismiss any portion of the complaint that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. 28 U.S.C. § 1915A(a)-(b).

### First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 19): Plaintiff has a history of suicide attempts using shanks crafted from the prison's "flag" shower heads and nozzles. (*Id*. at 5). Flag showers are located in Galleries 1, 3, 5, and 7 of Menard's North II Cell House, an area of the prison that also houses suicidal inmates while they are on crisis watch. Plaintiff has used these flag showers to create shanks and has also been threatened with shanks created by other inmates. (*Id*. at 5, 14).

On April 4, 2022, Plaintiff was found in possession of a shank while on crisis watch at

Menard. (*Id*. at 4, 11, 16-19). Plaintiff used the weapon to severely mutilate his body before Sergeant Royster[1] and Menard's Emergency Response Team (ERT) intervened. (*Id*. at 11). Plaintiff was transported to a local hospital, where he underwent an emergency colonoscopy extraction on April 5, 2022. He then returned to the same location at Menard where he faced a serious risk of harm from these showers and shanks. IDOC Director Latoya Hughes oversees ERT protocols in the IDOC, and Warden Anthony Wills is responsible for implementing these protocols at Menard. Both were aware of the incident and admitted responsibility for creating the unsafe conditions that led to Plaintiff's self-inflicted harm. (*Id*. at 4, 11, 16-19).

On May 16, 2023, Plaintiff was again moved into crisis watch in Menard's North II Cell House. (*Id*. at 12, 20-22). He was placed near one of the galleries where he previously received a shank. (*Id*.). Plaintiff notified staff that his placement near the flag showers posed a risk of serious harm to his health and safety because he previously acquired a shank made from the flag showers there and could do so again. Warden Wills classified Plaintiff's complaint as a non-emergency and took no action to move him to a different location for crisis watch. (*Id*. at 13). When IDOC Director Hughes learned of Plaintiff's complaint, she wrote an email reprimanding staff at Menard but took no other steps to protect him from harm. (*Id*.).

Based on the allegations, the Court designates the following claims in the *pro se* First Amended Complaint:

> **Count 1:** Eighth Amendment deliberate indifference claim against Defendants for failing to protect Plaintiff from the risk of serious injury posed by flag showers in Menard's North II Cell House and resulted in Plaintiff's self-inflicted harm with a homemade shank on or around April 4, 2022 and his return to the same area of the prison on crisis watch after April 5, 2022.

---

[1] Plaintiff does not name Royster as a defendant or bring any claims against this individual.

**Count 2:** Eighth Amendment deliberate indifference claim against Defendants for failing to protect Plaintiff from the risk of serious injury posed by flag showers in Menard's North II Cell House when he was again transferred there for crisis watch over his protests about his past injuries from homemade shanks on or around May 16, 2023.

**Any other claim that is mentioned in the First Amended Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

## Discussion

Both claims are governed by the Eighth Amendment prohibition against cruel and unusual punishment of convicted persons. U.S. CONST. Amend VIII. To bring a claim under the Eighth Amendment, a plaintiff must set forth allegations suggesting that he suffered from an "objectively, sufficiently serious harm" and the defendants responded with "deliberate indifference to his health or safety." *Kupsky v. McLaren*, 748 F. App'x 74, 76 (7th Cir. 2019) (citations omitted)).

The objective component of both claims is satisfied by Plaintiff's suicide attempt in April 2022 and exposure to conditions posing a serious risk of harm to his health and safety in April 2022 and May 2023. *Kupsky*, 748 F. App'x at 76.

Regarding the subjective component, Plaintiff alleges that both prison officials were aware that he sought to take his own life and still took inadequate steps to prevent injury when they allowed his continued placement on crisis watch near the flag showers after his first suicide attempt and his return there on crisis watch over his protests about the dangers posed by these showers one year later. These allegations are sufficient for Counts 1 and 2 to proceed against both individual defendants. *See Kupsky*, 748 F. App'x at 76 (citations omitted).

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Disposition**

The First Amended Complaint (Doc. 19) survives screening pursuant to 28 U.S.C. § 1915A.  **COUNTS 1** and **2** will receive further review against Defendants **LATOYA HUGHES** and **ANTHONY WILLS**, in their individual capacities.  Because Plaintiff has requested interim injunctive relief, **ANTHONY WILLS** is also **ADDED** as a defendant in his official capacity.

The Clerk shall prepare for **LATOYA HUGHES** (individual capacity only) and **ANTHONY WILLS** (individual and official capacities): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 19), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**Consistent with the above, the Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS SO ORDERED.**

**DATED:   June 29, 2023**                    *s/ Staci M. Yandle*
                                              **STACI M. YANDLE**
                                              **United States District Judge**

**Notice to Plaintiff**

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.