IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT LEE PLUMLEE, JR., B89377, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-cv-1880-RJD |
| ) | |
| LATOYA HUGHES, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's "MOTION of 1915(g) Imminent Danger Argument for Un-named Defendant and Need for Immediate Court Action." (Doc. 56). While Plaintiff titles his motion as brought pursuant to Section 1915(g) of the Prison Litigation Reform Act, Plaintiff seeks a temporary restraining order ("TRO") for a prison transfer. (Doc. 56). Section 1915(g) sets forth the "three strikes" rule for prisoners proceeding in forma pauperis and does not provide an independent mechanism for seeking injunctive relief. 28 U.S.C. § 1915(g). Accordingly, the Court construes Plaintiff's motion as a renewed request for a TRO under Federal Rule of Civil Procedure 65(b)(1). For the reasons set forth below, Plaintiff's request is DENIED without prejudice.

Plaintiff, an inmate at Menard Correctional Center, proceeds on two Eighth Amendment deliberate indifference claims against Defendants for their failure to protect Plaintiff from the risk of serious harm posed by "flag" showers in Menard's North II Cell House in April 2022 and May 2023, where Plaintiff was housed at the time. (Doc. 22 at 2-3). Plaintiff has a history of suicide attempts using shanks crafted from the prison's flag shower heads and nozzles. (*Id.* at 1). Flag showers are located in Galleries 1, 3, 5, and 7 of Menard's North II Cell House, an area of the

prison that also houses suicidal inmates while they are on crisis watch. (*Id.*). Plaintiff has used these flag showers to create shanks and has also been threatened with shanks created by other inmates. (*Id.*).

Plaintiff has filed three requests for a temporary restraining order (TRO) in the past, asserting a serious risk of imminent danger posed by the shower heads in Menard's North II Cell House. (Docs. 6, 17, and 20). All prior requests were denied on the basis that Plaintiff had been transferred out of the North 2 Cell House, he disclosed no plans to return to that location, no ongoing risk of serious injury in his current location, no risk of self-inflicted injuries, no threats of injuries inflicted by other inmates or staff, and no access to tools necessary to create the shank that concerns him. (Docs. 11, 18, and 21).

The Court may issue a TRO without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). Plaintiff's allegations do not satisfy this standard. Plaintiff's current motion relies solely on grievances that Plaintiff filed in April and May 2022 and May 2023 in which there are references that Plaintiff received weapons or shanks from unknown correctional officers. (Doc. 56 at 2-6). The crux of Plaintiff's motion is that, despite being transferred out of the North 2 Cell House and not having immediate access to it, he is still facing a serious risk of imminent danger because prison staff can still provide him with dangerous weapons. (*Id.*). However, allegations about incidents in April 2022 and May 2023 fall short of clearly showing a substantial risk of an immediate or irreparable injury, loss, or damage required to issue a TRO. Accordingly, Plaintiff's fourth request for TRO filed as "MOTION of 1915(g) Imminent Danger Argument for Un-named Defendant and Need for Immediate Court Action" (Doc. 56) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

**DATED: March 14, 2024**

*s/ Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**