IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT LEE PLUMLEE, JR., B89377 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-1880-RJD |
| | ) |
| LATOYA HUGHES, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiff's Motion regarding fees (Doc. 44), Motion for Copies (Doc. 45), Motion to Amend Complaint (Doc. 46), Motion for Recruitment of Counsel (Doc. 52), Motion Requesting Summons (Doc. 63) in which he seeks appointment of attorney Jason Drew as counsel on Plaintiff's behalf, and Motion for Copies and Status (Doc. 64). It also comes before the Court on Plaintiff's "Complaint of Denial of Temporary Restraining Order" (Doc. 59), which the Court construes as a motion for reconsideration of this Court's Order denying Plaintiff's Fourth Motion for Temporary Restraining Order (Doc. 57). Before the Court are also Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 47), and Motion for Leave to File Objection (Doc. 58). For the reasons set forth below, Plaintiff's Motion regarding fees (Doc. 44), Motion to Amend Complaint (Doc. 46), Motion for Recruitment of Counsel (Doc. 52), Motion for Reconsideration (Doc. 59), and Motion Requesting Summons (Doc. 63) are **DENIED**. Plaintiff's Motion for Copies (Doc. 45) is **GRANTED in part and DENIED in part**. Plaintiff's Motion for Copies and Status (Doc. 64) and Defendants' Motion for Leave to File Objection (Doc. 58) are **GRANTED**. Defendants' Motion for Summary Judgment on the Issue of Exhaustion of

Administrative Remedies (Doc. 47) will be set for an evidentiary hearing once Defendants file with the Court a complete copy of Plaintiff's relevant grievance history.

**Motion for Reconsideration (Doc. 59)**

In his Motion for Reconsideration Plaintiff asks that the Court reverse its Order Denying his Fourth Motion for Temporary Restraining Order. Plaintiff attaches two additional exhibits for the Court's review: a Memorandum from the IDOC's decision on Plaintiff's Grievance for denial of protective custody for incidents that occurred on March 19 and April 4 of 2022, (Doc. 59 at 3), and electronic correspondence exchanged between IDOC officers and Defendant Wills on May 26, 2023, discussing Plaintiff's grievance for denial of protective custody (Doc. 59 at 4). The Court may issue a TRO without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate or irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994). As set forth in the Court's Order denying Plaintiff's Fourth Motion for Temporary Restraining Order, allegations about incidents in March and April 2022 and May 2023 fall short of clearly showing a substantial risk of an immediate or irreparable injury, loss, or damage required to issue a TRO. Accordingly, Plaintiff's Motion for Reconsideration (Doc. 59) is **DENIED**.

**Motion for Recruitment of Counsel (Doc. 52) and Motion Requesting Summons (Doc. 63)**

There is no right to the appointment of counsel in civil matters. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Determining whether reasonable attempts to recruit counsel have been made "is a

mandatory, threshold inquiry that must be determined before moving to the second inquiry." *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021).

Here, Plaintiff is proceeding in forma pauperis. He previously filed a motion for recruitment of counsel (Doc. 4), which the Court denied due to being filed in an early stage of the litigation (Doc. 9). In his renewed motion, Plaintiff states that he is unable to pay postage to litigate this case through mail and that he has a traumatic brain injury that impedes his ability to proceed in this case as a pro se litigant. He further states that he has made attempts to recruit counsel, but he does not provide any supportive documentation to that effect. Because demonstrating reasonable attempts to obtain counsel independently is a mandatory threshold inquiry Plaintiff's motion is **DENIED without prejudice**. Should Plaintiff choose to move for recruitment of counsel at a later date, he should (1) contact at least **three** attorneys regarding representation *in this case* prior to filing another motion, (2) include in the motion the name and addresses of at least three attorneys he has contacted, and (3) if available, attach the letters from the attorneys who declined representation. If he is unable to contact an attorney, he should include a statement explaining why he cannot meet this threshold requirement. Plaintiff should also attach to his motion a copy of his trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of his motion.

While his renewed motion for recruitment of counsel was still pending, Plaintiff also filed his Motion Requesting Summons (Doc. 63), in which he asked the Court to order attorney Jason Drew to enter his appearance in this case on Plaintiff's behalf. Plaintiff suggests that Attorney Drew has been enrolled in the Court's *Pro Bono* Program for assignment of counsel. The Court first notes that the *Pro Bono* Program allows for the random assignment of counsel as opposed to assignment of a specific counsel selected by an indigent party. Further, as set forth above, when presented with a request to appoint counsel the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing

so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). As with his renewed motion for recruitment, Plaintiff does not provide evidence of his reasonable attempts to retain counsel independently and has further failed to provide a copy of his trust fund account to demonstrate his current financial inability to retain counsel on his own. Accordingly, Plaintiff's Motion Requesting Summons (Doc. 63) is **DENIED**.

**Plaintiff's Motion Regarding Fees (Doc. 44)**

Plaintiff filed his Motion Regarding Fees (Doc. 44) in which he advised the Court that he had sufficient funds to pay this case's assessed filing fee in his personal bank account. He asks the Court to withdraw this amount directly from Plaintiff's personal bank account due to him being incarcerated and having no access to it. The Court cannot directly access Plaintiff's personal bank account. As set forth in this Court's Order found in docket entry 14, the agency having custody of Plaintiff has been directed to forward the initial partial filing fee from Plaintiff's prisoner trust fund account to the Clerk of Court and Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account (including all deposits to the inmate account from any source) until the $350.00 filing fee is paid in full. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the $350.00 filing fee is paid. Accordingly, Plaintiff's Motion Regarding Fees (Doc. 44) is **DENIED**.

**Motion for Copies (Doc. 45)**

In his Motion for Copies (Doc. 45), Plaintiff asks the Court to provide him copies of the grievances that were attached with his Complaint and First Amended Complaint in anticipation of Defendants' motion for summary judgment on the issue of exhaustion of administrative remedies. In the Initial Scheduling Order, the Defendants had been ordered to provide Plaintiff

with copies of several documents, including grievances and any responses or other related materials, such as grievance logs and counselor's notes, by December 15, 2023. (Doc. 43). Plaintiff's motion for copies is dated December 10, 2023. Thereafter, Defendants filed their Motion for Summary Judgment on the Issue of Exhaustion along with a memorandum on which they attached some but not all grievances relating to Plaintiff's complaint. (Doc. 48-1).[1] It is not clear whether Defendants have provided Plaintiff with the full record of his grievances as required by this Court's Initial Scheduling Order. To the extent Defendants have not yet done so, Plaintiff's Motion for Copies (Doc. 45) is **GRANTED in part and DENIED in part**. Defendants are hereby **ORDERED** to send Plaintiff copies of all grievances (including those not within the ARB's file), along with any responses or other related materials, such as grievance logs and counselor's notes, by **June 21, 2024**.

**Plaintiff's Motion to Amend Complaint (Doc. 46)**

Under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. Further, under Local Rule 15.1, a motion for leave to file an amended complaint shall be denied unless Plaintiff attaches thereto the entire proposed amended complaint. SDIL-LR 15.1. Plaintiff filed a Motion to Amend Complaint (Doc. 46), in which he seeks to add Andrew Channler ("Channler") as a Defendant to Count I of his First Amended Complaint for deliberate indifference to a risk of serious injury on or around April 4, 2022. (*Id.*). In the amended complaint, Plaintiff alleges that Channler, a correctional officer at Menard Correction Center ("Menard"), was assigned on April 4, 2022, to Plaintiff's crisis watch gallery to inspect the cells and ensure that suicidal inmates did not possess any lethal weapons. (Doc.

---

[1] As set forth below in more detail, it appears that Exhibit A to Defendants' Memorandum in Support of Motion for Summary Judgment (Doc. 48-1) does not contain the entirety of Plaintiff's relevant grievances. For instance, Defendants' Memorandum cites to Bates 000016-17, 000010-11, 000020-11, Bates 000020-21 of Exhibit A, which are not, however, included within said document. (*See* Doc. 48-1; Doc. 48, 4-6).

46-1 at 2). He was also responsible for escorting suicidal offenders out of their cells for any scheduled movement. (*Id.*). Plaintiff alleges that on April 4, 2022, he had already been in his cell for three days since the day of his last shower, and he had been refusing to come out of his cell. (*Id.*). On that day, Plaintiff spoke to a Mental Health Professional ("MHP") in Channler's presence and advised the MHP that he was still suicidal and did not want to come out of his cell. Five minutes, later, Plaintiff notified Channler he needed a crisis team because he was in possession of a sharpened piece of metal. (*Id.*). Channler notified the cell house sergeant and the Emergency Response Team, but by the time they arrived, Plaintiff had already severely mutilated his body. (*Id.*).

To bring a claim under the Eighth Amendment, a plaintiff must set forth allegations suggesting that he suffered from an "objectively, sufficiently serious harm" and the defendants responded with "deliberate indifference to his health or safety." *Kupsky v. McLaren*, 748 F. App'x 74, 76 (7th Cir. 2019) (citations omitted)). To bring a claim for deliberate indifference to serious risk of self-harm or suicide, the plaintiff must show that the prison officials "knew of a significant likelihood that the inmate would *imminently* attempt" self-harm or suicide and that they "failed to take reasonable steps to prevent it." *Davis-Clair v. Turck*, 714 Fed. Appx. 605, 606 (7th Cir. 2018) (emphasis added). "A risk of self-harm or suicide must be sure or very likely to give rise to sufficiently imminent dangers before an official can be liable for ignoring that risk." *Id*. (citation and internal quotation marks omitted).

Here, Plaintiff sufficiently alleged a serious risk of imminent self-harm on April 4, 2022, in that he was suicidal and in possession of a "shank," which is a lethal weapon. Regarding the subjective component, Plaintiff alleges that Channler was aware of Plaintiff being suicidal for the last three days and that Plaintiff further notified Channler of his possession of a "shank" five minutes before he was found severely mutilated. Channler's response once Plaintiff notified him that he was in possession of a shank, does not amount to deliberate indifference to the risk of

suicide: within five minutes, Channler had notified the cell house sergeant and the Emergency Response Team. (*Id.*). As to the time prior to Plaintiff notifying Channler of his possession of a shank, Plaintiff insinuates that his refusal to leave his cell, coupled with his declaring of being suicidal in Channler's presence, was sufficient to put Channler on notice that Plaintiff would "*imminently* attempt" self-harm or suicide and that Channler "failed to take reasonable steps to prevent it" in that he failed to prevent a lethal weapon from being in Plaintiff's crisis watch cell. The Court finds that for the purposes of the preliminary review of the complaint, these allegations are sufficient to state a claim for deliberate indifference to a serious risk of suicide.

However, Plaintiff's proposed amended complaint does not include any allegations relating to Count II of his First Amended Complaint for deliberate indifference to a risk of serious injury on or around May 16, 2023. If the Court were to allow Plaintiff to file the proposed amended complaint, Plaintiff would effectively dismiss Count II of his First Amended Complaint. Further, the Proposed Amended Complaint does not include a caption or a prayer for relief. It appears that Plaintiff attempts to amend his complaint by interlineation (insertion of new language in between the lines of the original complaint), which is not allowed under Local Rule 15.1. SDIL-LR 15.1. Any proposed amended complaint must be complete, including all factual allegations supporting the claims, and must stand on its own without reference to any previous complaint. Accordingly, Plaintiff's Motion to Amend Complaint ([Doc. 46](Doc. 46)) is **DENIED WITHOUT PREJUDICE**.

Plaintiff is **ADVISED** that if he wishes to add claims or parties, he must file a motion for leave to file an amended complaint accompanied by the entire proposed amended complaint. The proposed amended complaint should stand on its own and include all claims Plaintiff intends to assert against all defendants, without reference to the original complaint. If accepted, the amended complaint will replace the prior complaint in its entirety, so any claims or parties that are not included in the proposed amended complaint will be automatically dismissed. Plaintiff's

motion should explain how the proposed amended complaint differs from the complaint on file. The proposed amended complaint also must comport with the formatting requirements of Local Rule 15.1, which provides that "[a]ll new material in an amended pleading must be underlined." SDIL-LR 15.1.  Failure to comply with this requirement will result in rejection of the proposed amended complaint.  Plaintiff has until **July 17, 2024**, to file a motion for leave to amend the complaint to include any additional claims or parties.  Failure to file a motion for leave to amend by this date will likely bar further amendment of the complaint, except for good cause shown. The Clerk of Court is **DIRECTED** to send Plaintiff a blank Section 1983 Complaint form.

**Motion for Copies and Status (Doc. 64)**

Plaintiff filed a motion requesting a copy of the Amended Complaint as well as for the Court to clarify the Notice of Modification found (Doc. 62).  Plaintiff's motion is **GRANTED**. The Clerk of Court **is DIRECTED** to send a copy of the First Amended Complaint (Doc. 19) to Plaintiff.  Plaintiff is **ADVISED** that this is a one-time courtesy, and he is expected to retain copies of the pleadings that he files in this case.  Plaintiff is further advised that the Notice of Modification was to notify the parties that Defendants' Objection to Plaintiff's Notice of Breach of Illinois Law (Doc. 61) had been improperly filed as a motion.  The docket text was modified to reflect the correct event.   No action is required by the parties regarding said notice.

**Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 47) & Motion for Leave to File Objection  (Doc. 58).**

Defendants filed a Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 47) along with a Memorandum in Support of the same (Doc. 48).  Defendants attached to their Memorandum a document titled "Exhibit A," which purports to contain Plaintiff's relevant grievance history (Doc. 48-1).  It appears, however, that Exhibit A does not contain the entirety of Plaintiff's relevant grievance history.  Particularly, Defendants' Memorandum cites Bates 000016-17, 000010-11, 000020-11, and Bates 000020-21 of Exhibit A,

which, however, are not included within Exhibit A. (*See* Doc. 48-1; Doc. 48, 4-6). Further, the first page of the filed Exhibit A, titled "IGRV Inmate History," contains information regarding certain grievances without sufficiently identifying their respective numbers and dates of filing. (Doc. 48-1 at 1).

Plaintiff filed a response in opposition (Doc. 53) as well as a document titled "Important Notice" (Doc. 54), asserting further grounds in opposition to Defendants' motion for summary judgment. More than 14 days from the filing of Plaintiff's Important Notice, Defendants filed a Motion for Leave to File their Objection to it. (Doc. 58). Defendant's Motion for Leave to File their Objection (Doc. 58) is **GRANTED.** In their Objection, Defendants asked the Court to strike Plaintiff's important notice on the ground that it was filed after the 30-day deadline for a response to their motion for summary judgment and because Plaintiff had failed to respond with citation to the record to each statement of material fact set forth therein. (Doc. 58-1 at 2). Defendant's Objection did not contain the missing portion of Plaintiff's grievance history (Doc. 58)**.**

Due to the insufficiency of the evidentiary record relating to Plaintiff's grievance history, there remain questions of fact that preclude the Court's determination on the issue of exhaustion of administrative remedies. Accordingly, Defendants are **DIRECTED** to file a complete record of Plaintiff's relevant grievance history, including those grievances that Defendants indicated in their Memorandum that are not contained in the ARB's file, on or before **June 21, 2024.**

Additionally, a review of the grievances included in Exhibit A indicates that Plaintiff had attempted to grieve the conditions that gave rise to his complaint, but his appeals with the ARB were returned several times without review of the merits because Plaintiff did not include the grievance officer's responses. (*See e.g.*, Doc. 48 at 29, 35, and 68). The record also contains several grievances in which Plaintiff requests that the institution responds to his prior grievances so he can timely appeal with the ARB. (*See e.g.*, Doc. 48-1 at 30, 67, 71). While courts

generally may not resolve factual disputes on a motion for summary judgment, when the motion pertains to a prisoner's exhaustion of administrative remedies, "the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust."  *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008); *Roberts v. Neal,* 745 F. 3d 232, 236 (7th Cir. 2014).  Accordingly, once Defendants file a complete record of Plaintiff's grievance history, the Court will set this matter for an evidentiary hearing.

## Conclusion

For the reasons stated above, Plaintiff's Motion regarding fees (Doc. 44), Motion to Amend Complaint (Doc. 46), Motion for Recruitment of Counsel (Doc. 52), Motion for Reconsideration (Doc. 59), and Motion Requesting Summons (Doc. 63) are **DENIED**. Plaintiff's Motion for Copies (Doc. 45) is **GRANTED in part and DENIED in part**.  Plaintiff's Motion for Copies and Status (Doc. 64) and Defendants' Motion for Leave to File Objection (Doc. 58) are **GRANTED**.  Defendants are **DIRECTED** to send Plaintiff copies of all grievances (including those not within the ARB's file), along with any responses or other related materials, such as grievance logs and counselor's notes, by **June 21, 2024**.  Defendants are further **DIRECTED** to file with the Court a complete copy of Plaintiff's grievance record as it relates to the complaint by the same deadline.  Once Plaintiff's complete grievance history has been filed, the Court will set Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 47) for an evidentiary hearing.

**IT IS SO ORDERED.**

**DATED: June 17, 2024**

*s/* *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**