IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT LEE PLUMLEE, JR., B89377, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LATOYA HUGHES, et al., )<br>)<br>Defendants. )<br>) | Case No. 23-cv-1880-RJD |

## ORDER

**DALY, Magistrate Judge:**

Plaintiff Robert Plumlee, Jr. filed this civil rights action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights at Menard Correctional Center. (Doc. 1). Plaintiff has a history of suicide attempts using shanks crafted from the prison's "flag" shower heads and nozzles. (See Doc. 22 at 1). After a preliminary review of his First Amended Complaint, Plaintiff was allowed to proceed on the following claims:

**Count 1:** Eighth Amendment deliberate indifference claim against Defendants Latoya Hughes and Anthony Wills for failing to protect Plaintiff from the risk of serious injury posed by flag showers in Menard's North II Cell House and resulted in Plaintiff's self-inflicted harm with a homemade shank on or around April 4, 2022, and his return to the same area of the prison on crisis watch after April 5, 2022.

**Count 2:** Eighth Amendment deliberate indifference claim against Defendants Latoya Hughes and Anthony Wills for failing to protect Plaintiff from the risk of serious injury posed by flag showers in Menard's North II Cell House when he was again transferred there for crisis watch over his protests about his past injuries from homemade shanks on or around May 16, 2023.

Because Plaintiff was also seeking interim injunctive relief, Wills was also added as a defendant in his official capacity. (*Id.* at 4).

This matter comes before the Court on Plaintiff's Motion for Status Hearing (Doc. 69) and Plaintiff's Motion for Leave to Amend Complaint (Doc. 70). The Court has reviewed the

aforementioned motions and any responses thereto and rules as follows.

**Motion for Status Hearing (Doc. 69)**

Plaintiff's Motion for Status Hearing (Doc. 69) raises several issues. First, Plaintiff seeks an update on the status of Defendants' Motion for Summary Judgment. Second, Plaintiff states his intent to amend the complaint to name as only defendants the State of Illinois and the Illinois Department of Corrections ("IDOC"). Plaintiff purports to do so to avoid the possibility of summary judgment entered against him due to his alleged failure to name the Defendants Wills and Hughes in his relevant grievances. Third, Plaintiff asks for an update on his Notice of Breach of Illinois Law (Doc. 60), in which he argued that Defendant Hughes was responsible for the ARB's failure to interview Plaintiff regarding his grievances in violation of Illinois State Law. Plaintiff further states in his motion that he needs to amend his complaint to incorporate this information. While the motion is titled a Motion for Status Hearing, the Plaintiff does not ask for a hearing within his motion but only for an update on the status of the aforementioned matters.

To the extent Plaintiff sought merely an update on the raised issues, his Motion for Status Hearing (Doc. 69) is **GRANTED**. First, the Court notes that Plaintiff's motion was signed on June 17, 2024, the day that the Court entered an order addressing Plaintiff's pending motions at that time, including Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 47) and Plaintiff's response.[1] (See Doc. 65). The Court construed Plaintiff's Notice of Breach of Illinois Law (Doc. 61) as a supplemental response to Defendants' motion for summary judgment. The Court further directed Defendants to supplement the missing record in support of their motion. (*Id.*). Thereafter, Defendants complied with the Court's order

---

[1] Plaintiff states in his motion that his response to Defendants' Motion for Summary Judgment included a cross-motion for summary judgment on the issue of exhaustion of administrative remedies. Plaintiff is advised that the issue of exhaustion of administrative remedies is an affirmative defense to be raised by defendants only. Plaintiff's mechanism to avoid the entry of summary judgment on that basis is the response to the motion, not a cross-motion. In any case, the Court considers any filings Plaintiff filed in response to Defendants' Motions for Summary Judgment regardless of whether they were titled as responses, cross-motions or notices.

and supplemented the record. (Doc. 68). As the Court indicated in its prior order, now that the record is complete, the Court will issue a separate order setting Defendants' Motion for Summary Judgment for an evidentiary hearing.

Turning to Plaintiff's intent to amend the complaint, the Court notes that following his Motion for Status Hearing (Doc. 69), Plaintiff also filed his Motion to Amend Complaint (Doc. 70), raising those same issues. For the reasons set forth below, Plaintiff's Motion to Amend Complaint (Doc. 70) is **DENIED.**

**Plaintiff's Motion to Amend Complaint (Doc. 70)**

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). When amendment of the complaint would be futile, however, the Court may deny leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Further, under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

This is Plaintiff's second attempt to amend his First Amended Complaint. Plaintiff had first attempted to add Andrew Channler ("Channler") as a Defendant to Count I of his First Amended Complaint. (Doc. 46 ). The Court denied Plaintiff's motion without prejudice because the proposed amended complaint did not include any allegations relating to Count II of his First Amended Complaint and would effectively dismiss that claim. (Doc. 65 ). With his current motion, Plaintiff does not attempt to correct the aforementioned deficiency. Instead, he attempts to omit all named Defendants in this case and add as only defendants the State of Illinois and the Illinois Department of Corrections. (Doc. 70). It appears that Plaintiff intends to do so to avoid the potential entry of summary judgment on the issue of exhaustion of administrative remedies as

one of the grounds of Defendants' relevant motion is Plaintiff's alleged failure to name any of the Defendants in his relevant grievances. (Doc. 48 at 9-10).

"The Eleventh Amendment grants states immunity from private suits in federal court without their consent." *Nunez v. Indiana Dep't of Child Servs.*, 817 F.3d 1042, 1044–45 (7th Cir. 2016) (citation omitted). "An agency of the state receives this same immunity." *Id.* Plaintiff's proposed amended complaint lists only the State of Illinois and the IDOC, an agency of the state, as defendants. (Doc. 70-1 at 1-6). Because both the State of Illinois and the IDOC are immune from suits, Plaintiff's proposed amended complaint cannot proceed on those claims.

Further, Plaintiff's proposed amended complaint references Defendant Wills, Warden of Menard, at the time of the allegations of the complaint. The proposed amended complaint states that Wills was alerted by Plaintiff's grievances that the flag showers at Menard's galleries 1, 3, 5, and 7 can produce lethal weapons but failed to take actions to protect Plaintiff from a serious need of suicide. However, Wills is not listed in the caption of the proposed amended complaint or in the portion where Plaintiff discusses the defendants. Further, Plaintiff's motion for leave to amend makes clear that Plaintiff considers as proper defendants for this proposed amended complaint only the IDOC and the State of Illinois. (See Doc. 70-1 at 1-6 & Doc. 70 at 1). Accordingly, the proposed amended complaint fails to state a claim because the only identified defendants, the State of Illinois and the IDOC, are immune from suits under the Eleventh Amendment. For this reason, Plaintiff's Motion to Amend Complaint (Doc. 70) is **DENIED** for reasons of futility.

**IT IS SO ORDERED.**

**DATED: July 24, 2024**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**