IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT LEE PLUMLEE, II,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No.  23-cv-1880-RJD |
| | ) |
| **LATOYA HUGHES,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

### ORDER

**DALY, Magistrate Judge:**[1]

This matter comes before the Court on Defendants' Motion to Compel Deposition of Plaintiff and Amend the Scheduling Order, or in the Alternative Impose Sanctions (Doc. 113). Defendants represented in their motion that Plaintiff failed to attend his deposition, which was properly noticed for October 22, 2025. Doc. 113, p. 2. Defendants further advised the Court that Plaintiff's deposition had also been postponed in June 2025 due to Plaintiff's assigned counsel having communication issues with Plaintiff. *Id.* at 1. Defendants ask the Court to order Plaintiff to appear for his deposition, to extend the discovery and dispositive motions deadlines, or, in the alternative, to dismiss this case under Federal Rule of Civil Procedure 37, due to his failure to comply with the Court's Scheduling Order authorizing Plaintiff's deposition. *Id.* at 3.

Plaintiff's counsel filed a response, confirming Plaintiff's failure to attend his deposition. Attorney Ruberry further advised the Court that, on October 23, 2025, the Memphis Police Department listed Plaintiff as a missing person and that his attempts to talk to Plaintiff via

---

[1] This matter was assigned to the undersigned to conduct all proceedings in this case, including trial and final entry of judgment pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Doc. 35.

telephone have been unsuccessful due to the call being redirected to voicemail.

The Court held a hearing on November 25, 2025. Doc. 118. Plaintiff's counsel represented that he recently communicated with Plaintiff's mother, who confirmed Plaintiff has since returned to Illinois. Plaintiff did not attend the hearing. On the Court's direction, Counsel for the parties agreed to reset Plaintiff's deposition for January 6, 2026.

Under Federal Rule of Civil Procedure 37, if a party fails to attend his properly noticed deposition, the Court may, on motion, order sanctions, including dismissal of the case and staying of further proceedings pending compliance with the Court's orders. Fed. R. Civ. P. 37 (d)(1)-(3). Further, the Court has the "inherent authority to dismiss a case sua sponte for a plaintiff's failure to prosecute." *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000).

Here, the record shows that Plaintiff has lost interest in this case. Accordingly, Defendants' Motion to Compel (Doc. 113) is **GRANTED**. Plaintiff is **ORDERED** to attend his deposition on **January 6, 2026**, as his counsel and defense counsel will direct him. Plaintiff is **WARNED** that if he fails to comply with this Order and attend his deposition, this case will be dismissed with prejudice under Federal Rule of Civil Procedure Rule 37(d) and for want of prosecution. Further, pursuant to Federal Rule of Civil Procedure 37, the discovery and dispositive motions deadlines are **STAYED** pending Plaintiff's compliance with this Order. Fed. R. Civ. P. 37 (c) & (d).

**IT IS SO ORDERED.**

**DATE: November 25, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**