IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT LEE PLUMLEE, II<br>*B89377*,<br>Plaintiff, | ) | Case No. 23-cv-1880-RJD |
| vs. | ) | |
| LATOYA HUGHES, *et al.*,<br>Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**[1]

On June 1, 2023, Plaintiff Robert Lee Plumlee, II, formerly incarcerated within the Illinois Department of Corrections ("IDOC"), filed this civil rights action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights at Menard Correctional Center ("Menard"). (Docs. 1 & 22). After threshold review of his First Amended Complaint, Plaintiff was allowed to proceed on the following claims:

**Count 1:** Eighth Amendment deliberate indifference claim against Defendants for failing to protect Plaintiff from the risk of serious injury posed by flag showers in Menard's North II Cell House, which resulted in Plaintiff's self-inflicted harm with a homemade shank on or around April 4, 2022, and his return to the same area of the prison on crisis watch after April 5, 2022.

**Count 2:** Eighth Amendment deliberate indifference claim against Defendants for failing to protect Plaintiff from the risk of serious injury posed by flag showers in Menard's North II Cell House when he was again transferred there for crisis watch over his protests about his past injuries from homemade shanks on or around May 16, 2023.

(Doc. 22, pp. 1-3). Because Plaintiff requested interim injunctive relief, the Warden of Menard

[1] This case has been assigned to the undersigned for final disposition upon the parties' full consent pursuant to 28 U.S.C. § 636(c). (Doc. 35).

was added in his official capacity. (*Id.*).

Plaintiff filed two motions for recruitment of counsel in the first year of this case. In the first motion, he informed the Court that IDOC labeled him seriously mentally ill and that he was "unqualified to proceed as a pro-se litigant." Doc. 4, p. 1. Plaintiff did not provide any documentation of his mental illness. The Court denied Plaintiff's request as premature and due to his failure to demonstrate reasonable efforts to obtain counsel on his own. Doc. 9.

On February 15, 2024, Plaintiff filed his second motion for recruitment of counsel. Doc. 52. Plaintiff indicated that he was "under protection of the court in any and all matters due to a traumatic brain injury." *Id.* at 1. Plaintiff did not provide any documentation but indicated that "he is legally mentally insane" and that his disability history is on file at the courthouse in Benton, Illinois. *Id.*. On May 6, 2024, Plaintiff also moved to "summon" Attorney Jason Drew, who Plaintiff claimed to be a "paid legal adviser and is on file as the Plaintiff's lawyer." Doc. 63. The Court understood Plaintiff's motion as one for recruitment of counsel. The Court denied both motions because Plaintiff had again failed to demonstrate reasonable attempts to obtain counsel on his own. Doc. 65, pp. 2-4.

Defendants filed Motions for Summary Judgment on the issue of administrative remedy exhaustion. The Court held an evidentiary hearing on August 8, 2024 and afterwards, *sua sponte* revisited the issue of recruitment of counsel. During the hearing, it was apparent that the complexity of this case had risen to a level that exceeded Plaintiff's ability to prosecute it pro se. Doc. 83, p. 20. The Court noted that while Plaintiff understood the nature and consequences of the proceeding, he had difficulty coherently representing his position and communicating with the Court. *Id.* Accordingly, the Court appointed Attorney Patrick J. Ruberry to represent Plaintiff

in this action.[2] Doc. 86. Attorney Ruberry entered his appearance on Plaintiff's behalf on October 15, 2024. Doc. 89.

Thereafter, the Court entered a Scheduling and Discovery Order setting the discovery and dispositive motions deadlines on November 5, 2025, and December 5, 2025, respectively. Doc. 110. On October 30, 2025, Defendants moved to compel Plaintiff's attendance at his deposition or, in the alternative, for sanctions due to Plaintiff's failure to attend his properly noticed deposition. Doc. 113. The Court set the matter for a hearing on November 25, 2025, at which Plaintiff appeared only through his counsel. Attorney Ruberry confirmed Plaintiff's failure to attend his deposition, but advised the Court that, on October 23, 2025, the Memphis Police Department listed Plaintiff as a missing person and that his attempts to talk to Plaintiff via telephone had been unsuccessful due to the call being redirected to voicemail. Doc. 119, p. 1. The Court granted Defendants' motion and ordered Plaintiff to attend his deposition that was reset for January 6, 2026, or face dismissal of this action with prejudice. *Id.* at 2.

On February 3, 2026, Defendants filed a Motion for Sanctions. Doc. 120. Defendants advised the Court that Plaintiff failed to comply with the Court's order in that he showed up for his deposition, which was scheduled via Zoom at 9:00 a.m., with approximately a 45-minute delay, after several attempted phone calls and emails by his counsel. Doc. 120, p. 1. When Plaintiff appeared, he was using his cell phone. *Id.* A poor connection was causing him to drop off the call or freeze, and his video feed would turn off or be otherwise unintelligible. *Id.* Plaintiff began the deposition by appearing from a public restroom, which he was forced to vacate. *Id*. He then walked to the Econo Lodge and was forced to vacate that location. *Id.* at 2. During his

[2] Attorney Rubery was appointed to represent Plaintiff after the first court-appointed counsel, Ashley Elizabeth Vaughan, moved to withdraw from representation contemporaneously with the entry of her appearance due to medical reasons. (Docs. 83 & 86).

deposition, Plaintiff was cursing or was otherwise derogatory despite warnings from both counsel regarding his obligations. *Id*. Defense counsel characterized the testimony as "confusing and non-sensical." *Id*. For example, Plaintiff testified that the underlying case was brought for his mother. *Id*. He also claimed that he and defense counsel had known each other for 20 years, but could not state what it involved, and said defense counsel did not represent him. *Id*. The deposition ended at 11:31 a.m. due to Plaintiff's failure to reappear after he disconnected at 10:54 a.m. *Id*. The actual time of questioning lasted from 9:44 to 10:54, just 70 minutes. *Id*.. Defendants argued that they expended time and resources twice to schedule and take Plaintiff's deposition and that the only appropriate sanction for his failure to cooperate in discovery is dismissal with prejudice.

Plaintiff's counsel filed a response. Doc. 123. He did not dispute Defendants' factual allegations; instead, he raised concerns about Plaintiff's legal competence. He pointed to portions of Plaintiff's deposition wherein he referred to defense counsel as "Satan," saying that he feels like "everybody's the devil." Doc. 123. He further argued that Plaintiff's failure to cooperate in discovery and comply with the Court's Order is not attributable to willfulness, bad faith, or actual fault, but rather to his mental health condition and the economic hardship that he is currently facing, including, but not limited to, homelessness. The undersigned denied Defendants' Motion without prejudice on August 4, 2026 but informed the parties that a hearing would be set to address Plaintiff's legal competency. Doc. 126. On September 15, 2026, the Court set the competency hearing for October 19, 2026 and ordered Plaintiff, Plaintiff's counsel, and defense counsel to appear in person. Doc. 127.

On Friday, October 16, 2026, Plaintiff's counsel communicated with the Court that his client could not be reached. The Court informed counsel that they could appear for the October

19, 2026 hearing via videoconference. At the hearing, Plaintiff's counsel explained the efforts he had made to reach his client and the reasons he believes his client suffers from mental illness: namely, Plaintiff's vagrancy, irrational statements, and isolationism. Plaintiff's counsel explained that it appears Plaintiff's mental illness and lack of resources, in concert, effectively prohibit Plaintiff from seeking treatment and diagnosis. Defendants' attorney made an oral motion to dismiss with prejudice, noting that the hearing was yet another instance where Plaintiff failed to participate in this litigation.

Under Federal Rule of Civil Procedure 41(b), a motion for the involuntary dismissal of an action for failure to prosecute or to comply with court order is warranted "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (other citations omitted)). Further, pursuant to Federal Rule of Procedure 37(d)(1)(a), this Court may order sanctions, including dismissal of the action, if a party fails to appear for a deposition after being served with proper notice. Fed. R. Civ. P. 37(d)(1)(A)(i); Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 37(b)(2)(A)(v).

The Court agrees that dismissal is appropriate. Plaintiff's conduct-impeding his own deposition, failing to appear for the hearing, failing to communicate with his Court-recruited, pro bono attorney-has certainly exhibited a clear record of delay and expenditure of judicial resources. However, the Seventh Circuit Court of Appeals has cautioned that the legal competence of the parties is a "threshold issue" that must be resolved before adjudicating other aspects of the lawsuit. *See Yoder v. Patla*, 234 F.3d 1275 (7th Cir. 2000) (unpublished) (addressing competency before venue issue) (citing *T.W. and M.S. by Enk v. Brophy*, 124 F.3d 893, 898 (7th Cir. 1997)). The Court has not been presented with any verifiable evidence of Plaintiff's legal incompetency,

despite holding a hearing for that very purpose. Plaintiff is either unwilling or unable to participate in this lawsuit. The undersigned will not hold Defendants in abeyance while waiting for Plaintiff to regain interest or ability to litigate. However, because the record does not clearly indicate that Plaintiff has been acting in bad faith, the dismissal of the case is WITHOUT PREJUDICE. *See Donelson v. Hardy*, 931 F.3d 565, 570 (7th Cir. 2019). The Clerk of Court is directed to enter judgment accordingly. The Court sincerely thanks Attorney Ruberry for serving as Plaintiff's Court-recruited counsel.

**IT IS SO ORDERED.**

**DATED: October 20, 2026**

**Hon. Reona J. Daly**
**United States Magistrate Judge**